JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
IRA D. GOLDBERG - State Bar No. 88465
igoldberg@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone: (213) 629-1600
Facsimile: (213) 629-1660

Attorneys for Plaintiff
A-ONE Commercial Risk Retention Group, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ENRIQUE MERINO d/b/a MERINO'S TRUCKING AND ENRIQUE MERINO d/b/a T&T MOVERS <br><br> Defendant. | Case No.: Case # <br><br> Assigned to the Hon. Judge <br><br> COMPLAINT FOR POLICY RESCISSION, DECLARATORY RELIEF, AND RECOUPMENT |

Comes now plaintiff A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC ("A-ONE"), pursuant to Federal Rules of Civil Procedure Rule 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, and alleges against defendant ENRIQUE MERINO d/b/a MERINO'S TRUCKING and ENRIQUE MERINO d/b/a T&T MOVERS ("MERINO") as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000. The Court

also has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action presents substantial questions of federal law involving the federally-mandated MCS-90 form endorsement under Sections 29 and 30 of the Motor Carrier Act of 1980. *See* 49 U.S.C. §§ 13906(a)(1), 31139(b)(2), (c), (f)(1) (a.); and 49 C.F.R. § 387.15.

2.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because defendant resides in the Central District of California and the insurance policy transactions here at issue took place in this District.

## THE PARTIES

3.  At all times relevant hereto plaintiff A-ONE was and is a risk retention group organized under the federal Liability Risk Retention Act of 1986 ("LRRA"). A-ONE was organized under the laws of the State of Tennessee and has its principal place of business in Nashville, Tennessee.

4.  Defendant Merino is an individual who resides in Los Angeles, California and had or has his principal place of business in Los Angeles, California.

## GENERAL ALLEGATIONS

5.  As part of the underwriting process for an A-ONE Commercial Auto Liability policy, on July 16, 2018, A-ONE obtained an MVR (Motor Vehicle Records) Report for Enrique Merino. The Report revealed that Merino had a prior motor vehicle violation in Montana, that he had been disqualified from driving for one year based on Cal. Veh. Code section 15300(a)(1) for Commercial Motor Vehicle-DUI for alcohol or drugs, and that his Commercial Class A license was expired.

6.  A-ONE is informed and believes and thereon alleges that on August 14, 2018, Merino submitted through his insurance agent Strong Tie Insurance Services, Inc. a completed commercial Auto Liability Application ("Application") seeking insurance coverage from A-ONE. A true and correct copy of the completed Application is attached as Exhibit 1.

7.  The Application included a Driver Information Schedule for all drivers for which Merino sought coverage under A-ONE's Policy. ("Driver Schedule"). The

2

Driver Schedule identified JUAN MANUEL VALENZUELA as the only driver. The Driver Schedule did not identify Enrique Merino.

8. Above the executed signature page of the Application, the following statement appears in bold type:

**The statements and answers given on this application are true and correct. The applicant has not willfully concealed or misrepresented any material fact or circumstance concerning this application.**

9. As part of the Application process, Merino signed a number of endorsements acknowledging that those endorsements limited or excluded coverage under various circumstances. On August 15, 2018, Merino signed a Driver Exclusion Endorsement, naming Enrique Merino as an excluded driver, and acknowledging there would be no coverage under the A-ONE Policy in the event there was an accident in which Enrique Merino was the driver. The following language was above the signature of Enrique Merino: "This policy does not cover any "accident" or loss resulting from the operation and/or use of any covered "auto" by any individual listed on the schedule below." The schedule listed Enrique Merino as the excluded driver, effective August 15, 2018, the date of issuance of the policy. A true and correct copy of the Driver Exclusion Endorsement signed by Merino is attached as Exhibit 2.

10. In reliance on the Motor Vehicle Records Report, the signed Application, the Driver Information Schedule and the signed Driver Exclusion Endorsement it received, and the answers contained therein, and the representation that Enrique Merino would not be driving an insured truck, A-ONE issued Policy Number A-ONE2018-1349 to Merino, effective August 15, 2018, to August 15, 2019. A certified copy of the Policy is attached as Exhibit 3.

11. A-ONE is informed and believes and thereon alleges that there is or was pending in Hunt County, Texas, a criminal complaint against Enrique Merino for Failing to Identify to a Police Officer by Giving False/Fictitious Information charging Merino with knowingly and intentionally providing State Trooper Brandon Biggins a

3

false and fictitious name, address, and date of birth after the officer had detained Merino on December 28, 2018. A-ONE is informed and believes and thereon alleges that the citation or case number is CR 2000036 and that the criminal complaint was filed on January 7, 2020.

12. On February 7, 2019, at the request of Merino, A-ONE issued an endorsement changing the named insured to Enrique Merino d/b/a T&T Movers. In all other respects, the policy remained unchanged.

13. A-ONE is informed and believes and thereon alleges that on April 17, 2019, at about 5:30 a.m., Cruz Baca-Rios was driving a pickup truck hauling a homemade trailer in the right lane of I-45 North in Leon County, Texas. Defendant Enrique Merino was driving an insured truck on the same highway and the same lane as Baca-Rios. Baca-Rios' taillights were obscured by a load of potted plants covered by a black tarp. A-ONE is informed and believes and on that basis alleges that Merino did not see the Baca-Rios vehicle in the darkness. Once he spotted the Baca-Rios vehicle, Merino attempted evasive maneuvers but was unsuccessful and the Merino vehicle struck the back of the trailer and then the right front side of the Baca-Rios pickup truck.

14. A-ONE is informed and believes and thereon alleges that Juan De Dios Guzman may have been a passenger in Merino's vehicle, and that when the investigating officer arrived at the scene, Enrique Merino represented to the officer that he was the driver but presented the driver's license of Juan De Dios Guzman because Merino's driver's license was suspended or expired. Guzman was also not a listed driver on the A-ONE Policy.

15. A-ONE is informed and believes and thereon alleges that on July 14, 2020, an Original Petition was filed in the matter of *Cruz Baca-Rios v. Enrique Merino d/b/a T&T Movers and Juan De Dios Guzman*, in the District Court of Harris County, Texas, 152nd Judicial District, Cause No. 2020- 41667 seeking damages in excess of $1,000,000.

16. A-ONE hired the Fuentes Firm P.C. to represent defendants Merino and Guzman in the *Baca-Rios* action.

17. A-ONE learned on February 7, 2022, that Guzman was not the driver of the insured truck at the time of the accident, that in fact Enrique Merino was the actual driver at the time of the accident.

18. On February 22, 2022, A-ONE learned that the Fuentes Firm had concluded there is an irreconcilable conflict of interest in their continuing to represent Merino and Guzman in the *Baca-Rios* action, and that the Fuentes Firm intends to seek the Court's permission to withdraw as counsel of record for both Merino and Guzman.

19. A-ONE is informed and believes that the *Baca-Rios* action is set for trial on April 18, 2022, and that Merino's misrepresentation that he would not be driving an insured truck, and Merino's misrepresentation to the investigating officer and throughout the course of the litigation that the driver of the vehicle was Guzman, has severely prejudiced A-ONE's ability to defend the *Baca-Rios* action.

20. A-ONE is informed and believes that unless the A-ONE policy is rescinded *ab initio* based on Merino's misrepresentations in seeking coverage from A-ONE, A-ONE may nevertheless become responsible for any judgment obtained by Baca-Rios, up to $750,000, pursuant to the MCS-90 Endorsement attached to the A-ONE policy.

### FIRST CLAIM FOR RELIEF FOR POLICY RESCISSION

21. A-ONE incorporates the allegations in paragraphs 1 through 20 above.

22. A-ONE is informed and believes and thereon alleges that Merino violated the California Insurance Code, including sections 330, 331, 332, 333, 334, 338, 353, and 358 by his misrepresentations in the Application, Driver Schedule and Excluded Driver Schedule submitted in application for the Policy. Merino's application for coverage from A-ONE promised that he would not be the driver of an insured vehicle and Merino never disclosed to A-ONE that he would be a driver for an insured truck

5

[CASE NO.:]
[COMPLAINT]

906437.1

or that he was in fact the driver of the insured truck at the time of the accident.

23. As it did with respect to multiple other unqualified drivers, had the true facts been disclosed to A-ONE that the unlicensed Merino would drive an insured truck, A-ONE would not have issued the policy to Merino. The failure to disclose that Merino would in fact drive an insured truck despite being named in the Excluded Driver Endorsement was material pursuant to California Insurance Code sections 334, 359, and 360.

24. Merino's misrepresentation made to A-ONE after the accident claiming that Guzman, and not Merino, had been driving the insured truck at the time of the accident also was a gross misrepresentation, intended to obtain coverage by avoiding the fact that the actual driver (Merino) was unapproved and unqualified to operate the vehicle, and was a violation of the Insurance Code.

25. A-ONE is therefore entitled to rescind the Policy pursuant to California Insurance Code sections 331 and 359, and California Civil Code sections 1688, 1689, 1691, and 1692, as if the Policy was never issued.

26. A-ONE is informed and believes and thereon alleges that there may be additional misrepresentations not yet discovered that will support rescission of the Policy.

27. A-ONE will return all premiums paid by its insured for the Policy, effective August 15, 2018, to August 15, 2019, should this rescission be granted.

## SECOND CLAIM FOR RELIEF FOR DECLARATORY RELIEF
## AS TO DUTY TO DEFEND

28. A-ONE incorporates the allegations in paragraphs 1 through 20 above.

29. An actual controversy has arisen and now exists between A-ONE on the one hand and defendant on the other as to A-ONE's rights and obligations under the Policy.

30. In Merino's Application, Driver Schedule and Excluded Driver Endorsement submitted to A-ONE, Merino failed to disclose the fact that Merino

would be a driver of an insured vehicle. These misrepresentations were material to A-ONE's issuance of the Policy. A-ONE by this action rescinds the Policy as of the date of issuance on August 15, 2018.

31. During a May 4, 2019, Recorded Statement of Guzman, with the assistance of Merino on the phone, Merino encouraged Guzman to make the false statement to A-ONE that Guzman was driving the insured truck at the time of the April 17, 2019, accident. The false statement constitutes a material misrepresentation during the pursuit of a claim in violation of an express condition of the Policy.

32. A-ONE therefore owes no obligation to defend Merino or Guzman under the Policy against the *Baca-Rios* action.

33. A-ONE therefore seeks a declaration that it owes no duty to defend any defendant under the Policy with respect to the *Baca-Rios* action. The requested declaration is both necessary and proper at this time in that the interests of judicial economy and substantial justice will be served thereby.

34. A-ONE is informed and believes and thereon alleges that Merino disputes A-ONE's contention that it owes no duty to defend Merino or Guzman against the *Baca-Rios* action.

## THIRD CLAIM FOR RELIEF FOR DECLARATORY RELIEF AS TO DUTY TO INDEMNIFY

35. A-ONE incorporates the allegations in paragraphs 1 through 20 above.

36. An actual controversy has arisen and now exists between A-ONE on the one hand and defendant on the other as to A-ONE's rights and obligations under the Policy.

37. In Merino's Application, Driver Schedule and Excluded Driver Endorsement submitted to A-ONE, Merino represented to A-ONE that he would not be a driver of an insured vehicle. These misrepresentations were material to A-ONE's issuance of the Policy.

38. During a May 4, 2019, Recorded Statement of Guzman, with the

7

[CASE NO.:]
[COMPLAINT]

906437.1

assistance of Merino on the phone, Merino encouraged Guzman to make the false statement to A-ONE that Guzman was driving the insured truck at the time of the April 17, 2019, accident. The false statement constitutes a material misrepresentation during the pursuit of a claim in violation of an express condition of the Policy.

39. A-ONE therefore seeks a declaration that it owes no duty to indemnify any defendant under the Policy with respect to the *Baca-Rios* action. The requested declaration is both necessary and proper at this time in that the interests of judicial economy and substantial justice will be served thereby.

40. A-ONE is informed and believes and thereon alleges that Merino disputes A-ONE's contention that it owes no duty to indemnify Merino or Guzman against the *Baca-Rios* action.

## FOURTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF AS TO DUTY TO PAY PURSUANT TO THE MCS-90

41. A-ONE incorporates the allegations in paragraphs 1 through 20 above.

42. An actual controversy has arisen and now exists between A-ONE on the one hand and defendant on the other as to A-ONE's rights and obligations under the Policy and the MCS-90 Endorsement.

43. In Merino's Application, Driver Schedule and Excluded Driver Endorsement submitted to A-ONE, Merino represented that he would not be a driver of an insured vehicle. These misrepresentations were material to A-ONE's issuance of the Policy.

44. During a May 4, 2019, Recorded Statement of Guzman, with the assistance of Merino on the phone, Merino encouraged Guzman to make the false statement to A-ONE that Guzman was driving the insured truck at the time of the April 17, 2019, accident. The false statement constitutes a material misrepresentation during the pursuit of a claim in violation of an express condition of the Policy.

45. A-ONE is informed and believes and thereon alleges that Merino violated the California Insurance Code, including sections 330, 331, 332, 333, 334, 338, 353,

and 358 by his misrepresentations in the Application, Driver Schedule and Excluded Driver Schedule submitted for the Policy. At no time did Merino disclose to A-ONE that Enrique Merino would be a driver of an insured truck or that Merino was in fact the driver of the insured truck at the time of the accident.

46. As it did with respect to multiple other unqualified drivers, had the true facts been disclosed to A-ONE that Merino would drive an insured truck, A-ONE would not have issued the policy to Merino. The failure to disclose that Merino would in fact drive an insured truck despite being named in the Excluded Driver Endorsement was material pursuant to California Insurance Code sections 334, 359, and 360.

47. Merino's misrepresentation made to A-ONE after the accident claiming that Guzman, and not Merino had been driving the insured truck at the time of the accident was a gross misrepresentation, intended to obtain coverage by avoiding the fact that the actual driver (Merino) was unapproved and unqualified to operate the vehicle, and was a violation of the Insurance Code.

48. A-ONE is therefore entitled to rescind the Policy pursuant to California Insurance Code sections 331 and 359, and California Civil Code sections 1688, 1689, 1691, and 1692, *ab initio* as if the Policy was never issued.

49. A-ONE seeks a declaration that if the Policy is rescinded *ab initio* as if the Policy was never issued, there is no policy to which the MCS-90 Endorsement would attach, and A-ONE has no duty to satisfy any judgment against any defendant in the *Baca-Rios* action pursuant to the MCS-90 Endorsement. The requested declaration is both necessary and proper at this time in that the interests of judicial economy and substantial justice will be served thereby.

50. A-ONE is informed and believes and thereon alleges that Merino disputes A-ONE's contention that it owes no duty to indemnify against any judgment in the *Baca-Rios* action pursuant to the MCS-90 Endorsement.

/ / /

[CASE NO.:]
[COMPLAINT]

906437.1

# FIFTH CLAIM FOR RELIEF FOR RECOUPMENT

51. A-ONE incorporates the allegations in paragraphs 1 through 20 above.

52. A-ONE contends it is entitled to recoup from Merino the full amount of the expenses A-ONE has incurred or will incur in the defense of Merino and Guzman in the action brought by Baca-Rios because no potential for coverage ever existed because Merino was an excluded driver from the date of policy issuance and at the time of the accident.

53. If A-ONE is required to pay any amount in defending or settling the *Baca-Rios* action on behalf of Merino or Guzman or in satisfaction of a judgment Baca-Rios obtains against Merino or Guzman based on the application of the MCS-90 Endorsement, A-ONE is entitled to recoup any such payments from its insured by the specific terms of the MCS-90 Endorsement, as well as federal and California law.

54. A-ONE seeks a declaration that Merino reimburse A-ONE for any payments A-ONE made or makes in the defense of the *Baca-Rios* action, as well as any payment A-ONE makes in settlement or judgment for claims not covered by the policy but paid pursuant to the MCS-90 Endorsement.

55. A-ONE further seeks a declaration that the premium for the Policy be deemed an offset for any payments made by A-ONE in the defense of the *Baca-Rios* action, as well as any payment A-ONE makes in settlement or judgment for claims not covered by the policy but paid pursuant to the MCS-90 Endorsement.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. On the first claim for relief, for rescission of the Policy, effective from August 15, 2018, to August 15, 2019, as if the policy had never issued.

2. On the second claim for relief, for a judgment declaring that A-ONE has no obligation under the Policy to defend any defendant against the claims in the *Baca-Rios* action.

3. On the third claim for relief, for a judgment declaring that A-ONE has no

obligation under the Policy to indemnify any defendant against the claims in the *Baca-Rios* action.

4. On the fourth claim for relief, for a judgment declaring that A-ONE has no obligation under the MCS-90 Endorsement to any person based on claims raised in the *Baca-Rios* action.

5. On the fifth claim for relief, for a judgment declaring that Merino reimburse A-ONE for any payments A-ONE made or makes in the defense of the *Baca-Rios* action, as well as any payment A-ONE makes in settlement or judgment for claims not covered by the policy but paid pursuant to the MCS-90 Endorsement.

6. On the fifth claim for relief, for a judgment declaring that the premium for the Policy be deemed an offset for any payments A-ONE made or makes in the defense of the *Baca-Rios* action, as well as any payment A-ONE makes in settlement or judgment for claims not covered by the policy but paid pursuant to the MCS-90 Endorsement.

7. For costs of suit; and

8. For such other and further relief as the Court may deem just and proper.

DATED: February 24, 2022

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

 /s/ John E. Peer
JOHN E. PEER
IRA D. GOLDBERG
Attorneys for Plaintiff
A-One Commercial Insurance Risk Retention Group, Inc.

[CASE NO.:]
[COMPLAINT]

906437.1