UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER AND JUDGMENT GRANTING MOTION FOR DEFAULT JUDGMENT [36]

## I.   INTRODUCTION

Before the Court is a motion for default judgment brought by Plaintiff A-One Commercial Insurance Risk Retention Group, Inc. ("A-One" or "Plaintiff"). The Clerk entered default as to Defendant Enrique Merino doing business as Merino's Trucking and T&T Movers ("Merino" or "Defendant") on September 9, 2022. Plaintiff now seeks default judgment against Defendant.

For the following reasons, Plaintiff's motion for default judgment is GRANTED.

## II.   BACKGROUND

The Complaint alleges the following facts.

Plaintiff is a risk retention group organized under the federal Liability Risk Retention Act of 1986 ("LRRA"). Compl. ¶ 3, ECF No. 1. Plaintiff was organized under the laws of the State of Tennessee and has its principal place of business in Nashville, Tennessee. *Id.* Defendant is an individual who resides in Los Angeles, California and had or has his principal place of business in Los Angeles, California. *Id.* ¶ 4.

Merino applied for an insurance policy from Plaintiff. Compl. ¶ 5–10, ECF No. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

As part of the application process, Plaintiff obtained a Motor Vehicle Records Report ("MVRR") for Defendant on July 16, 2018. *Id.* ¶ 5. The report revealed that Defendant had a prior motor vehicle violation in Montana, that he had been disqualified from driving for one year based on Cal. Veh. Code section 15300(a)(1) for Commercial Motor Vehicle-DUI for alcohol or drugs, and that his Commercial Class A license was expired. *Id.* On August 14, 2018, Defendant submitted through his insurance agent, Strong Tie Insurance Services, Inc., a completed commercial Auto Liability Application ("Application") seeking insurance coverage from Plaintiff. *Id.* ¶ 6. The application included a Driver Information Schedule ("Driver Schedule") for all drivers for which Plaintiff sought coverage under Plaintiff's policy; the Driver Schedule identified Juan Manuel Valenzuela ("Valenzuela") as the only driver. *Id.* ¶ 7. That application concluded with an attestation that all information contained therein was true and correct. *Id.* ¶ 8.

The insurance policy Defendant applied for from Plaintiff was issued (Policy Number AONE2018-1349) (the "Policy"), with coverage effective from August 15, 2018, to August 15, 2019. *Id.* ¶ 10.

On August 15, 2018, Defendant signed several endorsements acknowledging circumstances in which coverage from Plaintiff under the Policy would be denied or excluded. Compl. ¶ 9. One such endorsement was an 'excluded driver' schedule, which stated that the policy would not cover any accident or loss resulting from the operation or use of any covered vehicle by any individual listed therein. *Id.* Defendant was the only individual listed on that exclusion schedule. *Id.*

On April 17, 2019, an individual named Cruz Baca-Rios ("Baca-Rios"), a third-party, was driving a pickup truck in Leon County, Texas. *Id.* ¶ 13. Defendant was driving an insured truck on the same highway and the same lane as Baca-Rios. Defendant did not see the Baca-Rios vehicle in the darkness. *Id.* Once he spotted the Baca-Rios vehicle, Merino attempted evasive maneuvers to avoid a collision with Baca-Rios but was unsuccessful. *Id.* Merino's vehicle struck Baca-Rios's pickup truck. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

When the investigating officer arrived at the scene, Defendant identified himself as the driver of the vehicle. *Id.* ¶ 14. However, he presented the driver's license of another individual, Juan De Dios Guzman ("Guzman"), who may have been a passenger in Defendant's vehicle at the time. *Id.* Guzman was not a listed driver on the A-ONE Policy. *Id.*

On July 14, 2020, an Original Petition was filed in the matter of *Cruz Baca-Rios v. Enrique Merino d/b/a T&T Movers and Juan De Dios Guzman*, in the District Court of Harris County, Texas, seeking damages in excess of $1,000,000.00. *Id.* ¶ 15. A-ONE hired the Fuentes Firm P.C. to represent defendants Merino and Guzman in the *Baca-Rios* action. On February 7, 2022, Plaintiff learned that Defendant was the driver of the insured truck at the time of the accident. *Id.* ¶ 17. On February 22, 2022, A-ONE learned that the firm had concluded there was an irreconcilable conflict of interest to continue representing Merino and Guzman in the *Baca-Rios* action. *Id.* ¶ 18.

The *Baca-Rios* action is set for trial on April 18, 2022. *Id.* ¶ 19. Under the policy's MCS-90 Endorsement, Plaintiff may become liable for any judgment obtained by Baca-Rios, up to $750,000.00. *Id.* ¶ 20.

On February 24, 2022, Plaintiff filed this Complaint claiming relief for (1) policy rescission, (2) declaratory relief as to duty to defend, (3) declaratory relief as to duty to indemnify, (4) declaratory relief as to duty to pay pursuant to the MCS-90, and (5) recoupment. *Id.* ¶¶ 21–55. Defendant failed to answer or otherwise appear, and the Clerk entered default on September 9, 2022. ECF No. 24. Plaintiff now moves for default judgment pursuant to Fed R. Civ. P. 55(b)(2). Mot. for Default J., ECF No. 36 ("MDJ").

### III. LEGAL STANDARD FOR MOTION FOR DEFAULT JUDGMENT

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the defendant's default was the product of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Ent. Grp., Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal. Feb. 13, 2004). Upon consideration of Plaintiff's complaint and the materials provided in support of Plaintiff's motion, the Court finds that the *Eitel* factors favor granting Plaintiff's motion.

### A. Second and Third *Eitel* Factors

Together, the second and third *Eitel* factors test the allegations in the plaintiff's complaint and whether they state a claim on which the plaintiff may recover. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). In evaluating these factors, the well-pleaded allegations of the complaint are taken as admitted. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986). Thus, the following analysis assumes the truth of factual allegations in the Complaint.

#### 1. Policy Rescission

"The rule in insurance cases is that a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." *U.S. Specialty Ins. Co. v. Bridge Cap. Corp.*, 482 F. Supp. 2d 1164, 1167–68 (C.D. Cal. 2007) (citing *O'Riordan v. Fed. Kemper Life Assurance,* 36 Cal.4th 281, 286–87, 30 Cal.Rptr.3d 507, 114 P.3d 753 (2005)). This rule has been codified in the California Insurance Code. *See* Cal. Ins. Code § 331. "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had on the insurer." *U.S. Specialty Ins. Co.*, 482 F. Supp. 2d at 1168 (citing *Thompson v. Occidental Life Ins. Co.,* 9 Cal.3d 904, 916, 109 Cal.Rptr. 473, 513 P.2d 353 (1973)); *see also* Cal. Ins. Code § 334. The fact that an insurer has demanded answers to specific questions on an application for insurance is usually sufficient to establish the materiality of that information as a matter of law. *U.S. Specialty Ins. Co.*, 482 F. Supp. 2d at 1168 (quoting *Old Line Life. Ins. Co. v. Superior Court,* 229 Cal.App.3d 1600, 1603–04, 281 Cal.Rptr. 15 (1991)).!

"The Court looks to three factors in determining whether an insurance company has the right to rescind: (1) whether the insured misrepresented or concealed information in its application for insurance; (2) whether the information misrepresented or concealed was material; and (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

whether the insured knew that it had made a material misrepresentation or concealment. *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 416 F. Supp. 2d 802, 808 (N.D. Cal. 2006).

Defendant misrepresented material information in his Application, Driver Schedule, and Excluded Driver Schedule. Compl. ¶ 22, ECF No. 1. Defendant's application promised that he would not be the driver of an insured vehicle and Defendant never disclosed that he drove the insured truck at the time of the accident. *Id.*

Therefore, Plaintiff has sufficiently pleaded for relief for policy rescission.

### 2. Declaratory Relief as to Duty to Defend

A rescission "effectively renders the policy totally unenforceable from the outset, so that there never was any coverage...." *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1044 (N.D. Cal. 2005). A rescinded insurance contract extinguishes the policy *ab initio*, "as though it never existed," and those claiming to be insureds "in law, never were insureds under [the] policy of insurance." *Id.* at 1045. Therefore, "there is no duty to defend if an insurer has unilaterally rescinded a policy unless and until the rescission has been set aside." *Id.* at 1044–46.

Therefore, Plaintiff has sufficiently pleaded for relief as to duty to defend.

### 3. Recoupment

Having prevailed on the rescission issue, both parties must be restored to their former positions. *Century Sur. Co. v. Popelino's Transp., Inc.*, No. 5:21-cv-01987-RGK-RAO, 2023 U.S. Dist. LEXIS 2164, 2023 WL 225630, at *7 (C.D. Cal. Jan. 4, 2023) (citing *Imperial Casualty & Indemnity Co. v. Sogomoman*, 243 Cal. Rptr. 639, 646–47 (Cal. Ct. App. 1988)). Defendant is entitled to reimbursement for all premiums paid to Plaintiff; likewise, Plaintiff is entitled to recoup the costs it has so far expended defending Defendant and Guzman in the *Baca-Rios* action. The lesser of those two amounts shall offset the greater amount.

### B. Remaining *Eitel* Factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

The Court now turns to the remaining *Eitel* factors, which also favor granting default judgment.

First, Plaintiff will suffer prejudice if the Court does not enter default judgment. Without the entry of default judgment, Defendant will have escaped liability simply by not showing up. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). Therefore, this factor favors entry of default judgment.

Next, the Court must determine whether "the amount of money at stake [is] in relation to the seriousness of Defendant's conduct." *Eitel*, 782 F.2d at 1471-72. "Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct." *Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018).

Plaintiff is not seeking a monetary recovery from Defendant at this time, except to the extent that any payments Plaintiff made or makes in the defense of the *Baca-Rios* action, be deemed an offset for the premium for the policy. *See Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 (D. Nev. 2013) (finding that because plaintiff is only seeking equitable relief and no money is directly at state, the fourth Eitel factor weighs in favor of default judgment).

The next factor (the possibility of disputed material facts) also favors entry of default judgment. After entry of default, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Because Defendant has not made any appearance in this case to contest any of the issues or assert any defenses, it is very unlikely that disputes as to material fact will arise. *See e.g., Colony Ins. Co.* 2020 U.S. Dist. LEXIS at *11. Therefore, this factor also weighs in favor of entry of default judgment.

Next, the Court must determine whether the Defendant's default is a product of excusable neglect. *Eitel*, 782 F.2d at 1472. This factor favors the entry of default judgment where Plaintiff demonstrates that Defendant has been properly served and are thus aware of the pending action. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

was properly served by publication on July 27, 2022 and August 17, 2022, and has since failed to file any responsive pleading or appear in Court. *See* ECF No. 18. There is no evidence to suggest that this is due to any excusable neglect on the part of the Defendant. Therefore, this factor also weighs in favor of default judgment.

Lastly, the final *Eitel* factor advises that "[c]ases should be decided upon their merits whenever reasonably possible." 728 F.2d at 1472. However, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, this preference is not dispositive of entering default judgment when the other *Eitel* factors favor such action, as is the case here. *See id.*

Because Defendant has failed to appear in Court to defend the action, and because the *Eitel* factors strongly favor such a decision, the Court concludes that default judgment is warranted here.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. The Court awards Plaintiff. The following relief is awarded:

- The Policy is rescinded.
- Plaintiff is entitled to judgment that it has no obligation under Policy Number A-ONE2018-1349, issued to Merino, effective August 15, 2018, to August 15, 2019, to defend any defendant against the claims in the matter of *Cruz Baca-Rios v. Enrique Merino d/b/a T&T Movers and Juan De Dios Guzman*, in the District Court of Harris County, Texas, 152nd Judicial District, Cause No. 2020- 41667.
- Defendant is entitled to reimbursement for all premiums paid to Plaintiff; likewise, Plaintiff is entitled to recoup the costs it has so far expended defending Defendant

---

[1] The Court also concludes that Plaintiff has complied with the procedural requirements of Fed. R. Civ. P. 55(a) and 54(c) and Local Rule 55-1, as required for entry of a default judgment. *See* ECF No. 16.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01289-SVW-RAO | Date | April 10, 2024 |
|---|---|---|---|
| Title | *A-One Commercial Insurance Risk Retention Group, Inc. v. Enrique Merino et al.* | | |

and Guzman in the *Baca-Rios* action. The lesser of those two amounts shall offset the greater amount.

**IT IS SO ORDERED.**